EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

WARREN BERRY, on behalf of himself     :    Civil Action No.: 13-4248 (JP)
and all others similarly situated,     :
    :
    :
            Plaintiff,     :
     v.     :
    :
BRAMBLE SWEEPING, INC., *et al.*     :
    :
            Defendants.     :

------------------------------------------------------------

## CLASS NOTICE

### NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

### NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES, COSTS, AND COMPENSATION TO NAMED CLASS REPRESENTATIVES

### EXCLUSION PROCEDURES

*Berry v. Bramble Sweeping, Inc., et al.*
United States District Court, Eastern District of Pennsylvania
Civil Action No. 13-4248

**TO:**     **All Drivers employed by Defendants who worked more than fifty (50) overtime hours from December 10, 2010 through December 10, 2013 and who were not paid overtime compensation at a rate of one and one-half times the drivers' regular rate of pay for hours worked in excess of forty (40) hours in a work week**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.  YOU MAY BE ENTITLED TO SHARE IN THE RECOVERY.**

## I.   INTRODUCTION

If you were employed by Bramble Sweeping, Inc. (hereinafter "BSI") as a Driver and worked more than fifty (50) overtime hours at any time from December 10, 2010 through December 10, 2013, you are a member of the proposed Class in this class action lawsuit (the "Plaintiffs") and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement").  On January 23, 2014, the Court preliminarily approved the Settlement and conditionally certified a Class for settlement purposes only.  You have received this Notice because BSI's records show you were employed as a Driver during the time period set forth above.  Because your rights are affected by the legal proceedings, it is extremely important that you read this Notice carefully.

## II.   DESCRIPTION OF THE LAWSUIT AND CONTENTIONS OF THE PARTIES

On or about July 23, 2013, Warren Berry ("Class Representative") initiated this lawsuit against BSI on behalf of himself and all present and former similarly situated Drivers of BSI. The suit was filed in the United States District Court, Eastern District of Pennsylvania, and alleges that BSI failed to properly pay overtime compensation to Drivers pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").

The Class Representative and Defendants recognize the expense of continued proceedings necessary to continue the litigation through trial and possible appeals. The Class Representative and Defendants also have taken into account the uncertainty and risk of the outcome of litigation. The Class Representative and Defendants also are aware of the burdens of proof necessary to establish liability for the claims, of Defendants' defenses thereto, and of the difficulty in establishing damages for the Plaintiffs.

Based on the foregoing, the Class Representative and Class Counsel believe the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Plaintiffs.

For purposes of the Settlement, the Court has preliminarily certified a Class consisting of all Drivers employed by Defendants who worked more than fifty (50) overtime hours from December 10, 2010 through December 10, 2013 and who were not paid overtime compensation at a rate of one and one-half times the drivers' regular rate of pay for hours worked in excess of forty (40) hours in a work week.

## III.   THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between the Class Representative, the proposed Settlement Class and the Defendants. The specific and complete terms of the proposed Settlement are described in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

The total settlement amount in this case is $58,500.00. Of that amount, approximately $32,295.00 (the "Settlement Fund") will be distributed to the Participating Claimants, and the remaining amount is sought, as stated below, by Class Counsel for attorneys' fees and costs, the Class Representative for an enhancement award, and the Claims Administrator for claims administration expenses.

Participating Claimants will receive payments from the Settlement Fund based on a number of factors, including the number of weeks, up to a maximum of 156 weeks (or three years), the Participating Claimant was employed by BSI from December 10, 2010 through December 10, 2013 ("Covered Period"). The number of weeks the Participating Claimant was employed during the Covered Period will then be multiplied by 2, which represents two (2) hours of compensation per week which the Class Representative believes Class Members are owed for work performed in excess of forty hours in a work week ("OT"), and then multiplied by ($5.00) per hour, which represents the half-time earnings that BSI did not pay Class Members for hours worked over forty (40) in a work week ("HT Rate"). Please be advised that these calculations are initial estimates. The amount each Participating Claimant receives may increase or decrease depending on a variety of factors. The following are two (2) examples of how payments may be calculated:

Class Member A was employed during 156 weeks of the Covered Period (12/10/10 - 12/10/13)
- Formula: 156 (Wks. of Empl.) x 2 ("OT") x $5.00 ("HT Rate") = $1,560.00
- Amount = $1,560.00

Class Member B was employed during 52 weeks of the Covered Period (12/1/11 – 12/01/12)
- Formula: 52 (Wks. of Empl.) x 2 ("OT") x $5.00 ("HT Rate") = $520.00
- Amount = $520.00

Class Members who do not opt out of the Class pursuant to Section VII below will be entitled to Settlement Awards. Thus, Class Members who wish to receive their portion of the Settlement Fund need do nothing at this time. Pursuant to the Settlement Agreement, the amount each Participating Claimant receives will be divided into two (2) equal portions and paid in the form of one check. The first portion will be subject to state and federal withholding taxes and any other applicable payroll deductions owed by the Participating Claimant as a result of the payment. A W-2 will be issued in connection with the first portion. The second portion will not be subject to any withholdings, and will be subject to the issuance of an IRS Form 1099. Collectively, the two (2) portions paid to Participating Claimants will be referred to as the Participating Claimant's "Settlement Award." The Claims Administrator will mail your Settlement Award checks to you following final approval of the Settlement by the Court. Your Settlement Award checks will remain valid and negotiable for a period of ninety (90) days from the date of mailing and will thereafter automatically be canceled if not cashed.

## IV.   CLAIM PROCEDURE FOR MONETARY RECOVERY

A.      **The Court has reviewed the terms of the Settlement proposed by BSI and the Class Representative and has preliminarily approved it as fair and reasonable.**  The Settlement of this Action includes claims under both Pennsylvania state law and Federal law.  All Plaintiffs receiving this Notice will be mailed their Settlement Award unless they request exclusion as set forth below in Section VII.  You therefore have two options:

- **IF YOU WISH TO RECEIVE A SETTLEMENT AWARD, YOU NEED NOT DO ANYTHING AT THIS       TIME. AFTER THE COURT HAS GRANTED FINAL APPROVAL OF THE SETTLEMENT, YOU WILL RECEIVE YOUR SETTLEMENT AWARD IN THE MAIL.  YOU WILL BE BOUND BY THE SETTLEMENT AS TO BOTH YOUR STATE AND FEDERAL CLAIMS.**

- **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST FOLLOW THE PROCEDURES OUTLINED BELOW IN SECTION VII.  IF YOU FOLLOW THOSE PROCEDURES, YOU WILL NOT BE BOUND BY THE SETTLEMENT AS TO EITHER YOUR STATE OR FEDERAL CLAIMS, YOU WILL NOT RECEIVE A SETTLEMENT AWARD, AND YOU WILL PRESERVE YOUR RIGHT TO INDIVIDUALLY PURSUE ANY CLAIMS YOU MAY HAVE AGAINST BSI FOR UNPAID COMPENSATION.**

B.      Each Class Member who does not request exclusion from the settlement shall be paid a Settlement Award, as described in Section III above.  The Settlement Award check shall remain valid and negotiable for ninety (90) days from issuance and will thereafter automatically be canceled if not cashed.

## V.   CLASS COUNSEL'S FEES AWARD, NAMED PLAINTIFFS' INCENTIVE AWARD AND CLAIMS ADMINISTRATION EXPENSES

A.      You are not responsible for any attorneys' fees.  As part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among all parties that Murphy Law Group, LLC ("Class Counsel") will seek an award of attorneys' fees in an amount not to exceed thirty-three percent (33%) of the Settlement Amount (the "Fees Award").  Class Counsel shall not be permitted to apply to the Court for any additional payments for fees or interest and the award, if entered, shall be for all claims for attorneys' fees past, present, and future incurred in representing the Class Representative and Class Members in this Action. In sum, you will not be required to pay Class Counsel any additional fees for their representation of you in the Action.  In the event you choose to exclude yourself from the settlement, you have the option to retain your own attorney(s), at your own expense, in order to pursue any claims you may have against BSI for unpaid compensation.

B       Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that Class Counsel will also seek reimbursement of approximately $400.00 for expenses, costs and/or out-of-pocket expenses Class Counsel incurred in this Action.  These litigation costs shall be paid out of the Settlement Amount.  As part of the Settlement, you will not be required to pay Class Counsel any additional costs for their representation of you in this Action.

C.      Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that the Class Representative representing the Plaintiffs will seek an order for an enhancement payment not to exceed $1,500.00.  These enhancement payments shall be paid out of the Settlement Amount.

D.      Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that claims administration expenses shall be paid out of the Settlement Amount.  The Claims Administrator, RG/2 Claims Administration LLC, has estimated that the total expenses associated with this matter should not exceed approximately $5,000.00.

## VI.   BINDING EFFECT/RELEASE OF CLAIMS

By endorsing and executing your Settlement Award check, or after the Settlement Effective Date, whichever is earlier, you consent to be a party-plaintiff in this action pursuant to Section 216(b) of the FLSA, and authorize Class Counsel to act on your behalf with respect to this Settlement, which includes the release of any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the FLSA, PMWA, and/or WPCL, as well as applicable rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Covered Period, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief.

## VII.   **PROCEDURE FOR EXCLUSION**

To exclude yourself from the Settlement, you must mail to RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479, the Exclusion/Opt-Out Form attached to this Notice expressing your desire to be excluded from the Settlement.  If you wish to request exclusion from the Settlement, the Exclusion/Opt-Out Form must include your name (and former names, if any), current address, social security number, and be signed.  In addition, the Exclusion/Opt-Out Form must sent to the Claims Administrator and be post marked by March 20, 2014.  Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

In the event that you believe there is a mathematical or factual error in the calculation of your Settlement Award, you must contact RG/2 Claims Administration LLC by phone at 866-742-4955 no later than thirty (30) days after receipt of your checks.

## VIII.   **SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT**

A hearing (the "Settlement Hearing") will be held before the Honorable John Padova on April 9, 2014, in Courtroom 17B, at 10:00 a.m., at the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits, with prejudice.  The hearing may be adjourned by the Court from time to time, or completely, as the Court may deem fit, without further notice.

Any Class Member who has not requested exclusion from the settlement may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against BSI with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before March 24, 2014, upon all of the following:

Michael Murphy, Esquire                  Jeff Adler, Esquire
Murphy Law Group, LLC                  Burns White, LLC
1760 Market Street, Suite 1201          100 Four Falls, Suite 515
Philadelphia, PA 19103                    1001 Conshohocken State Road
                                         W. Conshohocken, PA 19428

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

**Any Class Member who is satisfied with the proposed Settlement need not need to appear at the Settlement Hearing.**

## IX.   **EXAMINATION OF PAPERS AND INQUIRIES**

The foregoing is only a summary of the Action and of the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement and Release, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, during regular business hours of each Court day.

All inquiries by Plaintiffs regarding this Notice or the Exclusion/Opt-Out Form should be directed to the Claims Administrator, RG/2 Claims Administration LLC, by mail at P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479, or by phone at 866-742-4955.  **Additionally, if your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator.**

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, BRAMBLE SWEEPING, INC. AND/OR THEIR ATTORNEYS WITH INQUIRIES.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------
WARREN BERRY, on behalf of himself          :          Civil Action No.: 13-4248 (JP)
and all others similarly situated,          :
                                            :
                    Plaintiff,              :
           v.                               :
                                            :
BRAMBLE SWEEPING, INC., et al.              :
                                            :
                    Defendants.             :
-----------------------------------------------------------
```

## **EXCLUSION/OPT-OUT FORM**


### **ONLY TO BE FILLED OUT**
### **IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT**

By my signature below, I am giving notice that I am opting-out of this Settlement. I understand that I will not be eligible to receive any cash payment available to me under this Settlement.  I am specifically preserving my right to individually pursue any claims I may against Bramble Sweeping, Inc. for unpaid overtime compensation.

Name: _____

Address: _____

Social Security No.: _____

Date: _____

Signature: _____

EXHIBIT "2"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

WARREN BERRY, on behalf of himself     :      Civil Action No.: 13-4248 (JP)
and all others similarly situated,       :

                               :

              Plaintiff,     :

       v.                     :

                               :

BRAMBLE SWEEPING, INC., *et al.*     :

                               :

           Defendants.     :

------------------------------------------------------------

## DECLARATION OF WILLIAM W. WICKERSHAM

1.      My name is William W. Wickersham, Esquire, and I am over the age of eighteen (18) years and an attorney, licensed to practice law in the State of New York. I make this declaration under the penalty of perjury, free and voluntarily, under no coercion, threat, or intimidation, and without promise of benefit or reward, based on my own personal knowledge. If called to testify, I could and would testify consistent with the matters stated herein.

2.      I am Vice President of Business Development and Client Relations of RG/2 Claims Administration, LLC ("RG/2"), the independent third-party settlement administrator retained as Settlement Administrator to handle various settlement administration activities in the above-referenced matter, including the mailing of settlement notification packages to class members.

3.      I have been actively involved and responsible for handling the administration of the settlement of the above-referenced matter.

4.      RG/2 received from Defendants a database of forty-one (41) non-exempt drivers employed by Defendants from December 10, 2010, through December 10, 2013, who were allegedly not compensated for all time worked ("Class Members").  The mailing addresses of all

1

Class Members were found as all Class Members were previously employed by Defendants.

5.      Utilizing the aforementioned database, on or about February 3, 2014, RG/2 mailed the Class Notice and Exclusion/Opt-Out Forms ("Notice Packet") to the forty-one (41) Class Members. A true and correct copy of the Notice Packet is attached hereto as Exhibit "A".

6.      Following the mailing of the Notice Packet, RG/2 received two (2) Notice Packets which were returned as undeliverable. RG/2 located new addresses and remailed Notice Packets to both Class Members.

7.      The deadline for returning executed claim forms in order to file objections or request exclusion was March 20, 2014.

8.      To date, RG/2 has received a total of one (1) valid and complete Exclusion/Opt-Out Forms.

9.      To date, RG/2 has not received any objections to the settlement.

Under penalties and perjury I declare that the foregoing information is true and correct to the best of my knowledge and belief.


                                        _____
                                        William W. Wickersham, Esq.

Dated:  March 25, 2014

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------

WARREN BERRY, on behalf of himself    :    Civil Action No.: 13-4248 (JP)
and all others similarly situated,    :
   :
               Plaintiff,    :
      v.    :
   :
BRAMBLE SWEEPING, INC., *et al.*    :
   :
            Defendants.    :

--------------------------------------------------------------

## CLASS NOTICE

### NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

### NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES, COSTS, AND COMPENSATION TO NAMED CLASS REPRESENTATIVES

### EXCLUSION PROCEDURES

*Berry v. Bramble Sweeping, Inc., et al.*
United States District Court, Eastern District of Pennsylvania
Civil Action No. 13-4248

**TO:**    **All Drivers employed by Defendants who worked more than fifty (50) overtime hours from December 10, 2010 through December 10, 2013 and who were not paid overtime compensation at a rate of one and one-half times the drivers' regular rate of pay for hours worked in excess of forty (40) hours in a work week**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION. YOU MAY BE ENTITLED TO SHARE IN THE RECOVERY.**

## I.   INTRODUCTION

     If you were employed by Bramble Sweeping, Inc. (hereinafter "BSI") as a Driver and worked more than fifty (50) overtime hours at any time from December 10, 2010 through December 10, 2013, you are a member of the proposed Class in this class action lawsuit (the "Plaintiffs") and your rights will be affected as set forth in the proposed settlement described in this Notice (the "Settlement"). On January 23, 2014, the Court preliminarily approved the Settlement and conditionally certified a Class for settlement purposes only. You have received this Notice because BSI's records show you were employed as a Driver during the time period set forth above. Because your rights are affected by the legal proceedings, it is extremely important that you read this Notice carefully.

## II.  DESCRIPTION OF THE LAWSUIT AND CONTENTIONS OF THE PARTIES

On or about July 23, 2013, Warren Berry ("Class Representative") initiated this lawsuit against BSI on behalf of himself and all present and former similarly situated Drivers of BSI. The suit was filed in the United States District Court, Eastern District of Pennsylvania, and alleges that BSI failed to properly pay overtime compensation to Drivers pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").

The Class Representative and Defendants recognize the expense of continued proceedings necessary to continue the litigation through trial and possible appeals. The Class Representative and Defendants also have taken into account the uncertainty and risk of the outcome of litigation. The Class Representative and Defendants also are aware of the burdens of proof necessary to establish liability for the claims, of Defendants' defenses thereto, and of the difficulty in establishing damages for the Plaintiffs.

Based on the foregoing, the Class Representative and Class Counsel believe the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Plaintiffs.

For purposes of the Settlement, the Court has preliminarily certified a Class consisting of all Drivers employed by Defendants who worked more than fifty (50) overtime hours from December 10, 2010 through December 10, 2013 and who were not paid overtime compensation at a rate of one and one-half times the drivers' regular rate of pay for hours worked in excess of forty (40) hours in a work week.

## III.  THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between the Class Representative, the proposed Settlement Class and the Defendants. The specific and complete terms of the proposed Settlement are described in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

The total settlement amount in this case is $58,500.00. Of that amount, approximately $32,295.00 (the "Settlement Fund") will be distributed to the Participating Claimants, and the remaining amount is sought, as stated below, by Class Counsel for attorneys' fees and costs, the Class Representative for an enhancement award, and the Claims Administrator for claims administration expenses.

Participating Claimants will receive payments from the Settlement Fund based on a number of factors, including the number of weeks, up to a maximum of 156 weeks (or three years), the Participating Claimant was employed by BSI from December 10, 2010 through December 10, 2013 ("Covered Period"). The number of weeks the Participating Claimant was employed during the Covered Period will then be multiplied by 2, which represents two (2) hours of compensation per week which the Class Representative believes Class Members are owed for work performed in excess of forty hours in a work week ("OT"), and then multiplied by ($5.00) per hour, which represents the half-time earnings that BSI did not pay Class Members for hours worked over forty (40) in a work week ("HT Rate"). Please be advised that these calculations are initial estimates. The amount each Participating Claimant receives may increase or decrease depending on a variety of factors. The following are two (2) examples of how payments may be calculated:

Class Member A was employed during 156 weeks of the Covered Period (12/10/10 - 12/10/13)
- Formula: 156 (Wks. of Empl.) x 2 ("OT") x $5.00 ("HT Rate") = $1,560.00
- Amount = $1,560.00

Class Member B was employed during 52 weeks of the Covered Period (12/1/11 – 12/01/12)
- Formula: 52 (Wks. of Empl.) x 2 ("OT") x $5.00 ("HT Rate") = $520.00
- Amount = $520.00

Class Members who do not opt out of the Class pursuant to Section VII below will be entitled to Settlement Awards. Thus, Class Members who wish to receive their portion of the Settlement Fund need not do anything at this time. Pursuant to the Settlement Agreement, the amount each Participating Claimant receives will be divided into two (2) equal portions and paid in the form of one check. The first portion will be subject to state and federal withholding taxes and any other applicable payroll deductions owed by the Participating Claimant as a result of the payment. A W-2 will be issued in connection with the first portion. The second portion will not be subject to any withholdings, and will be subject to the issuance of an IRS Form 1099. Collectively, the two (2) portions paid to Participating Claimants will be referred to as the Participating Claimant's "Settlement Award." The Claims Administrator will mail your Settlement Award checks to you following final approval of the Settlement by the Court. Your Settlement Award checks will remain valid and negotiable for a period of ninety (90) days from the date of mailing and will thereafter automatically be canceled if not cashed.

## IV.   CLAIM PROCEDURE FOR MONETARY RECOVERY

A.    **The Court has reviewed the terms of the Settlement proposed by BSI and the Class Representative and has preliminarily approved it as fair and reasonable.** The Settlement of this Action includes claims under both Pennsylvania state law and Federal law. All Plaintiffs receiving this Notice will be mailed their Settlement Award unless they request exclusion as set forth below in Section VII. You therefore have two options:

● **IF YOU WISH TO RECEIVE A SETTLEMENT AWARD, YOU NEED NOT DO ANYTHING AT THIS      TIME. AFTER THE COURT HAS GRANTED FINAL APPROVAL OF THE SETTLEMENT, YOU WILL RECEIVE YOUR SETTLEMENT AWARD IN THE MAIL. YOU WILL BE BOUND BY THE SETTLEMENT AS TO BOTH YOUR STATE AND FEDERAL CLAIMS.**

● **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST FOLLOW THE PROCEDURES OUTLINED BELOW IN SECTION VII. IF YOU FOLLOW THOSE PROCEDURES, YOU WILL NOT BE BOUND BY THE SETTLEMENT AS TO EITHER YOUR STATE OR FEDERAL CLAIMS, YOU WILL NOT RECEIVE A SETTLEMENT AWARD, AND YOU WILL PRESERVE YOUR RIGHT TO INDIVIDUALLY PURSUE ANY CLAIMS YOU MAY HAVE AGAINST BSI FOR UNPAID COMPENSATION.**

B.    Each Class Member who does not request exclusion from the settlement shall be paid a Settlement Award, as described in Section III above. The Settlement Award check shall remain valid and negotiable for ninety (90) days from issuance and will thereafter automatically be canceled if not cashed.

## V.   CLASS COUNSEL'S FEES AWARD, NAMED PLAINTIFFS' INCENTIVE AWARD AND CLAIMS ADMINISTRATION EXPENSES

A.    You are not responsible for any attorneys' fees. As part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among all parties that Murphy Law Group, LLC ("Class Counsel") will seek an award of attorneys' fees in an amount not to exceed thirty-three percent (33%) of the Settlement Amount (the "Fees Award"). Class Counsel shall not be permitted to apply to the Court for any additional payments for fees or interest and the award, if entered, shall be for all claims for attorneys' fees past, present, and future incurred in representing the Class Representative and Class Members in this Action. In sum, you will not be required to pay Class Counsel any additional fees for their representation of you in the Action. In the event you choose to exclude yourself from the settlement, you have the option to retain your own attorney(s), at your own expense, in order to pursue any claims you may have against BSI for unpaid compensation.

B    Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that Class Counsel will also seek reimbursement of approximately $400.00 for expenses, costs and/or out-of-pocket expenses Class Counsel incurred in this Action. These litigation costs shall be paid out of the Settlement Amount. As part of the Settlement, you will not be required to pay Class Counsel any additional costs for their representation of you in this Action.

C.    Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that the Class Representative representing the Plaintiffs will seek an order for an enhancement payment not to exceed $1,500.00. These enhancement payments shall be paid out of the Settlement Amount.

D.    Also as part of the preliminary approval of the Settlement, the Court has preliminarily approved a Stipulation among the parties that claims administration expenses shall be paid out of the Settlement Amount. The Claims Administrator, RG/2 Claims Administration LLC, has estimated that the total expenses associated with this matter should not exceed approximately $5,000.00.

## VI.   BINDING EFFECT/RELEASE OF CLAIMS

By endorsing and executing your Settlement Award check, or after the Settlement Effective Date, whichever is earlier, you consent to be a party-plaintiff in this action pursuant to Section 216(b) of the FLSA, and authorize Class Counsel to act on your behalf with respect to this Settlement, which includes the release of any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the FLSA, PMWA, and/or WPCL, as well as applicable rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Covered Period, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief.

## VII.   PROCEDURE FOR EXCLUSION

To exclude yourself from the Settlement, you must mail to RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479, the Exclusion/Opt-Out Form attached to this Notice expressing your desire to be excluded from the Settlement.  If you wish to request exclusion from the Settlement, the Exclusion/Opt-Out Form must include your name (and former names, if any), current address, social security number, and be signed.  In addition, the Exclusion/Opt-Out Form must sent to the Claims Administrator and be post marked by March 20, 2014.  Requests for exclusion that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

In the event that you believe there is a mathematical or factual error in the calculation of your Settlement Award, you must contact RG/2 Claims Administration LLC by phone at 866-742-4955 no later than thirty (30) days after receipt of your checks.

## VIII.   SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the Honorable John Padova on April 9, 2014, in Courtroom 17B, at 10:00 a.m., at the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 (the "Court"), to determine whether the proposed Settlement of the Action is fair, adequate and reasonable and should be approved by the Court and whether the Action should be dismissed on the merits, with prejudice.  The hearing may be adjourned by the Court from time to time, or completely, as the Court may deem fit, without further notice.

Any Class Member who has not requested exclusion from the settlement may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Final Judgment dismissing the Action against BSI with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before March 24, 2014, upon all of the following:

Michael Murphy, Esquire
Murphy Law Group, LLC
1760 Market Street, Suite 1201
Philadelphia, PA 19103

Jeff Adler, Esquire
Burns White, LLC
100 Four Falls, Suite 515
1001 Conshohocken State Road
W. Conshohocken, PA 19428

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

**Any Class Member who is satisfied with the proposed Settlement need not need to appear at the Settlement Hearing.**

## IX.   EXAMINATION OF PAPERS AND INQUIRIES

The foregoing is only a summary of the Action and of the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement and Release, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, Eastern District of Pennsylvania, which is located at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, during regular business hours of each Court day.

All inquiries by Plaintiffs regarding this Notice or the Exclusion/Opt-Out Form should be directed to the Claims Administrator, RG/2 Claims Administration LLC, by mail at P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479, or by phone at 866-742-4955.  **Additionally, if your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator.**

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, BRAMBLE SWEEPING, INC. AND/OR THEIR ATTORNEYS WITH INQUIRIES.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

WARREN BERRY, on behalf of himself    :    Civil Action No.: 13-4248 (JP)
and all others similarly situated,        :
                             :
           Plaintiff,    :
       v.                   :
                             :
BRAMBLE SWEEPING, INC., *et al.*    :
                             :
          Defendants.    :

------------------------------------------------------------

## **EXCLUSION/OPT-OUT FORM**

### **ONLY TO BE FILLED OUT**
### **IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT**

By my signature below, I am giving notice that I am opting-out of this Settlement. I understand that I will not be eligible to receive any cash payment available to me under this Settlement.  I am specifically preserving my right to individually pursue any claims I may against Bramble Sweeping, Inc. for unpaid overtime compensation.

Name: _____

Address: _____

Social Security No.: _____

Date: _____

Signature: _____

EXHIBIT "3"

Invoice # 4 - 02/26/2014



| | Total | $18,579.18 |
|---|---|---|

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 4 | 03/28/2014 | $18,579.18 | $0.00 | $18,579.18 |
| | | | Outstanding Balance | $18,579.18 |
| | | | Total Amount Outstanding | $18,579.18 |

Please make all amounts payable to: Murphy Law Group, LLC

Please pay within 30 days.