IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | | |
|---|---|---|
| WARREN BERRY, on behalf of himself and all others similarly situated, | : | Civil Action No.: 13-4248 (JP) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BRAMBLE SWEEPING, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------

### ORDER DETERMINING GOOD FAITH
### AND GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motion of the Class Representative, by his counsel, Murphy Law Group, LLC ("Class Counsel"), for an order and judgment finally approving the Joint Stipulation of Settlement and Release ("Agreement"), previously filed with the Court, and dismissing with prejudice all claims asserted in this matter. After reviewing the Agreement and all documents filed in connection therewith, to which no objections have been raised, and for the reasons stated on the record at a hearing held on April 9, 2014, **IT IS HEREBY ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367(b), including all members of the Settlement Class, preliminary certified for settlement purposes only, by Order dated January 23, 2014 ("Preliminary Approval Order"), and as defined as:

> All drivers employed by Defendants who worked more than fifty (50) overtime hours from December 10, 2010 through December 10, 2013 and who were not paid overtime compensation at a rate of one and one-half times the drivers' regular rate of pay for hours worked in excess of forty (40) hours in a work week

2. The Court finds that the Settlement Class, as defined above, satisfies the requirements of Fed.

R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b).  The Court finally certifies the Settlement Class for purposes of settlement of this action only.

     3.  The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the Settlement Hearing regarding the approval of the Agreement.  The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

     4.  The Court hereby approves the Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class.  The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including that Defendants' Motion to Dismiss would have been granted, the risk of decertification, additional costs and delay associated with further prosecution of this action.  The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

     5.  Class Counsel should be awarded the amount of $19,305.00 for fair and reasonable attorneys' fees and $400.00 for litigation expenses incurred in the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement.  The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded $5,000.00 for fair and reasonable fees and expenses incurred in the administration of the settlement.  Such awards are to be paid from the Settlement Amount as specified in the Agreement.

     6.  Enhancement Payments, which are to be paid from the Settlement Amount as specified in the

2

Agreement, are approved to the following Class Representative who performed substantial services for the benefit of the Settlement Class, in the following amounts:

Name:                          Amount:
Warren Berry                   $1,500.00

7.  The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable, and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who have not requested exclusion from the Settlement in accordance with the Agreement.

8.  This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

9.  All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants, arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter.

10. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

3

BY THE COURT:

_____
The Honorable John Padova

4/9/2014

4